# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| DAVID LEE HILL | CIVIL ACTION NO. 13-583-P |
| VERSUS | JUDGE HICKS |
| HAI PHAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff David Lee Hill ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was filed in this court on March 18, 2013.  Plaintiff claims his civil rights were violated during his arrest, criminal trial proceedings, and detention.  Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana.  Plaintiff names Willie Shaw, Charles Rex Scott, Alan J. Golden, John D. Mosely, Jr., Michael Enwright, Ross Owen, Gregory Scott Brady, Assistant District Attorney Amanda Sullivan, and Mrs. Lewis as defendants.[1]

Plaintiff claims Shreveport Police Chief Willie Shaw and Caddo Parish District Attorney Charles Scott have impeded the process of justice in his case.  He claims he has filed several motions for the video from the police unit cameras.  He claims this evidence is

_____

[1] Plaintiff also names Hai Phan, Unknown SPD Officer, Steve Prator, Captain Farris, L. Eaton, Deputy Dinkins, Unknown Mail Clerk, and Sgt. Craft as defendants.  Plaintiff's claims against these Defendants will addressed in a separate Memorandum Order.

exculpatory and proves excessive force was used against him.  He also claims Willie Shaw failed to provide him with the background information of Officer Phan and the Unknown Officer.

Plaintiff claims District Attorney Scott and attorney Alan J. Golden conspired to discriminate against African Americans, abrogated their constitutional rights by not following state statutory laws when in their favor, and racially profiling and selectively prosecuting them.

Plaintiff claims Alan Golden's administration of the Public Defender's Office creates a conflict of interest which undermines the confidential client-attorney relationship.  He claims the public defenders and the assistant district attorneys are one and the same under the Caddo Parish judicial system and therefore violate his due process rights.  He claims Alan Golden failed to properly train his subordinates Michael Enwright and Ross Owen who provided him with ineffective assistance of counsel and deprived him of a fair trial.  Plaintiff claims he has filed at least 25 pre-trial motions and Defendants refused to acknowledge them.

Plaintiff claims District Attorney Scott maliciously prosecuted him because there was insufficient evidence to prosecute him.  He claims District Attorney Scott failed to properly train his subordinates Gregory Scott Brady and Amanda Sullivan.  He claims an assistant district attorney insisted that he accept a plea agreement without considering the facts of his case which clearly demonstrate that he is guilty of trespassing and not simple burglary.

Plaintiff claims he has been denied access to the courts.  He claims he has been excluded from the law library.  He claims he is only allowed to go to the law library once a

week for thirty minutes.  Plaintiff claims he was working on discovery requests at the time.

He claims he had four matters pending in the Louisiana Second Circuit Court of Appeal, one

matter pending in the Supreme Court of Louisiana, and matters pending in the Supreme Court

of the United States.  He claims he was represented by counsel during his criminal case in the

Louisiana First Judicial District Court.

Plaintiff claims that on March 19, 2013, the Louisiana Second Circuit Court of Appeal

granted his writ of mandamus and ordered the Louisiana First Judicial District Court to rule

on his dispositive motions within 30 days.  Plaintiff claims Judge Mosely and the Assistant

District Attorney had him brought to court on April 2, 2013 without his attorney Kammi

Whatley.  He claims Judge Mosely refused him the opportunity to speak about the absence

of his attorney.  He claims Michael Enwright was present to represent him.  He claims Judge

Mosely told Michael Enwright that he did not have to adopt his pro se motions.  Plaintiff

claims Michael Enwright then said that he would not adopt the motions and would file his

own motions.  He claims Michael Enwright disregarded Kammi Whatley's motion for

discovery which was supplemental to his pro se motions.  He claims Michael Enwright knew

nothing about his case and had no right to disregard his motions and file his own motions.

He claims Michael Enwright has disregarded his insanity defense.  He claims his jury trial

was set for May 6, 2013, in spite of Michael Enwright's objections.  Plaintiff claims Judge

Mosely defied the order of the Louisiana Second Circuit Court of Appeal.

Plaintiff claims that on January 27, 2014, he was convicted and sentenced of his

original charge of simple burglary.  He claims his conviction and sentence are illegal.

Plaintiff claims the court exceeded its jurisdiction.  He claims the statute under which he was convicted and sentenced is unconstitutional.   He claims the photographic evidence against him was staged.  He claims his attorney Ross Owen refused to oppose the State in adversarial litigation and provided him with ineffective assistance of counsel.  He claims he accepted the plea agreement under duress because he knew his attorney had nothing prepared for trial.  He also claims Owen ordered a psychological evaluation of him and the doctor ordered medication for him which would either cause incompetency or death.  He also claims Owen advised him to leave town once he was released.

Accordingly, Plaintiff seeks his immediate release from incarceration, monetary compensation, and the removal of all Defendants from office.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced because of the actions of Defendants.   Plaintiff is seeking monetary damages for an allegedly unconstitutional conviction and sentence.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck involved a civil

rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**Attorneys Alan Golden, Michael Enwright, and Ross Owen**

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.  A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.  Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state.  They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and

cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976);  Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Alan Golden, Michael Enwright, and Ross Owen should be dismissed as frivolous.

**District Attorney Charles Scott and Assistant District Attorneys Amanda Sullivan and Gregory Scott Brady**

Prosecutors have absolute immunity when acting in a quasi-judicial mode.  Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988).  The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability.  Geter, 849 F.2d at 1552.  Absolute immunity is immunity from suit rather than from liability.  Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985).  The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the district attorney and assistant district attorneys as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.  Accordingly, Plaintiff's civil rights complaint against District Attorney Charles Scott and Assistant District Attorneys Gregory Scott Brady and

Amanda Sullivan should be dismissed as frivolous.

**Judge John D. Mosely, Jr.**

It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith.  Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).  The conduct challenged by Plaintiff unequivocally falls within the judges' authority as judicial officers of the court and in the ordinary exercise of their judicial duties.  Accordingly, Plaintiff's civil rights claim against Judge Mosely should be dismissed as frivolous.

**Access to the Courts**

Prisoners  have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation.  Lewis v. Casey, 518 U.S. 343 (1996)  (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which  is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when

determining whether to grant relief for an access to the courts violation.  In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing.  <u>Lewis</u>, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access  to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous.  Plaintiff has not satisfied the "actual injury" requirement.  Plaintiff did not allege that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to an adequate library.  He admits he was represented by an attorney during his criminal trial proceedings.  Furthermore, Plaintiff's complaint in this court reveals on its face that he was able to present his claims to this court.  Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Habeas Claim**

Plaintiff alleges his conviction and sentence are illegal and seeks to have his conviction and sentence reversed and his immediate release from incarceration.  Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding.  This determination is made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)).  Plaintiff is challenging his conviction and sentence and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time.  Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties

of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). From the information provided in Petitioner's complaint, it does not appear that he has exhausted his available state remedies. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.  **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against Charles Rex Scott, Alan J. Golden, John D. Mosely, Jr., Michael Enwright, Gregory Scott Brady, Amanda Sullivan, and Mrs. Lewis be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).  **IT IS FURTHER RECOMMENDED** that Plaintiff's request for <u>habeas</u> relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 9th day of July 2015.

Mark L. Hornsby
U.S. Magistrate Judge