UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID LEE HILL                                CIVIL ACTION NO. 13-cv-0583

VERSUS                                        JUDGE HICKS

HAI PHAN, ET AL                               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

David Lee Hill ("Plaintiff") was arrested for stealing items from the Shreveport police car care center. He pleaded guilty to two felony charges. Plaintiff, who is self-represented, filed this civil action against virtually every law enforcement officer, prosecutor, defense attorney, judge, or jailer who had the misfortune to be associated with Plaintiff's criminal case and incarceration.

After initial review, the court dismissed claims against the Petitioner's attorneys, the prosecutors, and the judge. The court also dismissed Plaintiff's challenges to his convictions because (1) habeas relief was barred due to a lack of exhaustion of state court remedies and (2) claims for damages were precluded by Heck v. Humphrey, 114 S.Ct. 2364 (1994) until the convictions had been invalidated. Docs. 65 and 69. The court allowed Plaintiff to submit service papers with respect to his remaining claims. Doc. 66.

Plaintiff and several of the defendants on the remaining claims have filed a number of motions. Before the court are Plaintiff's Motions for Summary Judgment (Docs. 114 and

116), a Motion for Summary Judgment by Officer Hai Phan (Doc. 135), a Motion to Dismiss by Chief of Police Willie Shaw (Doc. 136), and a Motion for Summary Judgment by Sheriff Steve Prator (Doc. 143). For the reasons that follow, it is recommended that Plaintiff's motions be denied and the motions filed by the defendants be granted.

**Background Facts**

Shreveport Police Corporal Scebern Willis was near the Shreveport police car care center at about 3:00 a.m. one morning when he saw a man inside. Willis saw the man carry several car radiators to the fence and throw them over the fence into an alley. Willis called for additional units, and he ordered the man to get on the ground. That man, Plaintiff, was arrested. Willis states that he advised Plaintiff of his Miranda rights.

Shreveport Police Corporal Hai Phan arrived. Phan also states that he advised Plaintiff of his Miranda rights. Plaintiff, according to Phan, told him that a supervisor named J. J. gave Plaintiff permission to take the items, which Plaintiff planned to sell at a scrap yard. The items thrown over the fence included eight radiators and four condensers. Phan knew that J. J. had been retired for more than two years.

Phan walked Plaintiff to his patrol unit. There was some physical interaction between the men, which will be discussed more later. Phan drove Plaintiff to jail. Phan claims that, during the drive, Plaintiff threatened to kill Phan with a gun and said that he (Plaintiff) needed to be on the 10th floor (psychiatric ward) of the LSU hospital.

Plaintiff was booked with one count of simple burglary. The district attorney later filed an amended bill of information that charged Plaintiff with unauthorized entry of a place of business and felony theft. Plaintiff pleaded guilty to both counts in January 2014 and was sentenced to six years and seven years, to run concurrently.

**Arrest and Conviction**

Plaintiff argues in one of his motions (Doc. 114) that the police officers did not follow proper procedures during his arrest, questioned him without reading him his Miranda rights, improperly charged him with burglary, withheld evidence, and otherwise acted improperly in connection with his arrest and prosecution. Plaintiff aimed these claims at Corporal Phan and Unknown Officer Badge Number 799. (We now know that Corporal Willis was the other officer involved in the arrest.) The officers argue in their motion (Doc. 135) that these claims are barred by the Heck doctrine. The officers are correct.

A claim under Section 1983, to the extent a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, is generally precluded by Heck v. Humphrey, 114 S.Ct. 2364 (1994). The prisoner is not allowed to seek Section 1983 relief unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 114 S.Ct. at 2372. "Thus, when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Plaintiff's claims that his Miranda rights were violated, that he was not guilty of the crime for which he was arrested, and that other violations of the law occurred in connection with his arrest and prosecution. Each of those claims is a direct or implicit attack on the validity of Plaintiff's convictions. Plaintiff's Section 1983 claims are therefore not cognizable under Heck unless his convictions have already been set aside. There is no indication in Plaintiff's filings that his convictions have been successfully vacated on appeal, post-conviction, or otherwise.

Heck is most often applied to claims for damages, but its principles also preclude claims for injunctive or declaratory relied that attack a conviction or sentence. Summers v. Eidson, 206 Fed. Appx. 321 (5th Cir. 2006) (Heck "applies to injunctive as well as monetary relief"); Shaw v. Harris, 116 Fed. Appx. 499, 500 (5th Cir. 2004) (same); and Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002) (Heck applied to attempt to compel state to produce evidence for DNA testing; claim was so intertwined with merits of the conviction as to require habeas treatment). To the extent Plaintiff asserts Section 1983 claims, whether for damages or injunctive relief, based on Miranda violations or other defects in his arrest and prosecution, Heck requires that they be dismissed with prejudice to being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir.1996).

**Excessive Force**

Corporal Phan argues that he is entitled to summary judgment on Plaintiff's excessive force claim because the force used was reasonable and any injury was de minimis. When a person who has been arrested asserts that officers used excessive force in violation of the Fourth Amendment, the question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances. Graham v. Connor, 109 S.Ct. 1865 (1989). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 109 S.Ct. at 1872.

Phan also asserts that he is entitled to qualified immunity. To overcome an officer's claim of qualified immunity on a Fourth Amendment excessive force claim, a plaintiff must show "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Ontiveros v. City of Rosenberg, 564 F.3d 379, 382 (5th Cir. 2009).

Phan offers in support the affidavit of Corporal Willis, who testifies that he saw a man, later identified as Plaintiff, inside the car care area after business hours and throwing radiators over the fence. Willis testifies that he notified dispatch and requested additional units, and he then ordered Plaintiff to the ground. He took Plaintiff into custody without incident and advised him of his Miranda rights. Willis testifies: "At no time during my

interaction with [Plaintiff] did I use any force." Willis's police report is consistent with his affidavit.

Phan also offers his own affidavit. He testifies that he responded to a call of a burglary in progress at the car care center. On arrival, Corporal Willis told Phan that he saw Plaintiff inside the area throwing radiators over the fence. Phan states that he advised Plaintiff of his Miranda rights, after which Plaintiff offered the explanation that supervisor J. J. gave him permission about two years earlier to take the items.

Phan testifies that, after this discussion, he began to walk Plaintiff to his patrol unit. "During escort, [Plaintiff] began to verbally and physically resist by refusing to walk and he pulled away from me several times." Plaintiff "pulled away and fell to the ground," and he "suffered a minor scratch on his forehead" at that time. Phan testifies that it took him and another officer to secure Plaintiff in the backseat of his patrol unit, but at no time during his interaction with Plaintiff did he hit him, kick him, "or use any force other than simply exerting strength in order to place him into the patrol unit." The fire department was called to treat Plaintiff "for his minor scratch," after which Phan took Plaintiff to the city jail. While en route, Plaintiff threatened to kill Phan with a gun. Corporal Phan's police report is consistent with his testimony.

A copy of a fire department report contains little factual information but states that Plaintiff was treated at the scene for "lac to forehead." The report adds that the patient had "small lac and small hematoma on forehead, bleeding controlled." Treatment was to clean

up the cut and give Plaintiff a cold pack. Another incident report from the fire department describes the injury as simply "abrasion to the head."

Plaintiff has submitted numerous filings in support of his own motions and in opposition to those filed by the defendants, and some of his submissions are titled as affidavits. They state that they are made under penalty of perjury so potentially suffice as summary judgment evidence under 28 U.S.C. § 1746. Plaintiff states that, "in respects to my March 31, 2012 arrest, where (SPD) Officer Hai Phan, badge number 1102 and another unknown officer used excessive force on me ..., which my head was 'slammed' to the hood on, as I stood before it, in hand-cuffs - facing the camera; in addition, I add." Doc. 130-1.

Plaintiff has had multiple opportunities to support his claim with competent evidence, and he has submitted several multi-page submissions, but it appears that this is his only submission with regard to his excessive force claim that is in the form of competent summary judgment evidence. He has spoken of it, also in general terms, in some of his memoranda, but unsworn memoranda are not competent summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).

What evidence Plaintiff has offered provides little factual context or even a direct claim that the scratch to his head was caused by the incident he describes. Merely testifying that officers used "excessive force" is not sufficient, because affidavits that merely set forth ultimate or conclusory facts are insufficient to support or defeat a motion for summary judgment. Galindo v. Precision American Corp., 754 F.2d 1212, 1216 (5th Cir. 1985).

Plaintiff argues in his memoranda that the fire department's use of an abbreviation for laceration suggests a serious injury, but healthcare providers often use the word to describe any cut of the skin, and the treatment that was offered (which did not include even a Band-Aid) suggests the injury was quite minor.

Corporal Phan has offered specific and competent evidence that he arrested Plaintiff, Plaintiff struggled while being walked to the car and fell during the course of his actions, and Phan did not employ any force against Plaintiff other than using physical strength to place him in the patrol car. Plaintiff has not responded with competent evidence that disputes Phan's assertion that Plaintiff was struggling, fell as a result of his struggles, and cut his head as a result. Plaintiff offers only a conclusory assertion that his head was slammed to the hood of a car, but he does not even specifically testify that his scratch was caused by that incident. Plaintiff has certainly not offered sufficient evidence to warrant summary judgment in his favor, and he has also not offered sufficient specific evidence to defeat Corporal Phan's request for summary judgment and his qualified immunity defense.

The Fifth Circuit no longer requires a showing of a "significant injury" to prove excessive force under the Fourth Amendment, but the Court continues to require a plaintiff to have suffered "at least some form of injury" that is "more than de minimis." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999), clarified on rehearing, 186 F.3d 633 (5th Cir. 1999). In determining whether an injury caused by excessive force is more than de minimis, the court looks to the context in which the force was deployed. Williams, 180 F.3d at 703.

"What constitutes an injury in an excessive force claim is therefore subjective – it is defined entirely by the context in which the injury arises." Id. at 704. For example, the plaintiff in Williams alleged that he received the same physical injury (choking) in two separate encounters. The choking that occurred during an attempted (legal) search of the Plaintiff's mouth was deemed not a cognizable injury, but a second identical choking that was committed in the absence of any valid reason to continue the physical contact was a potential injury that precluded summary judgment. Id.

The evidence presented by Corporal Phan shows that Plaintiff suffered a small scratch or laceration on his forehead after Plaintiff fell while resisting Phan's efforts to escort Plaintiff to the patrol car. Plaintiff has not offered summary judgment evidence to directly dispute those facts, and they depict neither the use of excessive force nor an injury that is more than de minimis considering the context of a lawful arrest. Plaintiff's only competent evidence with respect to his force claim is a conclusory assertion that one of the officers "slammed" his head to the hood of the car, but Plaintiff offers no specific facts about that event or evidence that any injury was caused by that alleged force. Considering the applicable law and available summary judgment evidence, Corporal Phan is entitled to summary judgment on the excessive force claim.

**Corporal Willis**

Plaintiff alleged that an unknown officer assigned to badge number 799 was involved in his arrest. Defendants offered evidence (Doc. 135-2) that the Shreveport Police

Department does not have an officer with that badge number, but it was the unit number for Corporal Phan's patrol car. They also provided evidence that Corporal Willis was the other officer involved in the arrest.

Plaintiff has asked that he be allowed to amend his complaint to name Officer Willis as a defendant. This request should be denied. Plaintiff's principal claims against Willis are that he was involved in the arrest that led to what Plaintiff alleges is a wrongful conviction, but all such claims are barred by Heck. Plaintiff has also not offered any specific evidence or even direct allegation that Willis was responsible for any alleged excessive force. Under these circumstances, it would be futile to add Willis to the case.

**Chief Willie Shaw**

The Report and Recommendation that issued after initial review included Shreveport Police Chief Willie Shaw in the discussion of the named defendants who were faulted for impeding the process of justice in the state court criminal case. The court eventually dismissed those claims under Heck and other grounds, but the court's order did not specifically dismiss Shaw as a defendant.

The court later issued a memorandum order that described the remaining claims for which Plaintiff would be allowed to serve the related defendants. That order stated in a footnote that Plaintiff had also raised claims against several other defendants, including Willie Shaw, and those claims did not require an answer because they were addressed in the separate Report and Recommendation. Plaintiff then submitted summons forms for the

several defendants he wished to serve, but he did not submit a proposed summons for Chief Shaw.

Out of an abundance of caution, Chief Shaw filed a Motion to Dismiss (Doc. 136) and noted this procedural history. He asked that the court specifically dismiss him from the case for the reasons in the earlier Report and Recommendation, as well as a lack of timely service, failure to prosecute, or other grounds.

Plaintiff responded (Doc. 148) and admitted that he "thought defendant police chief (Willie Shaw) was terminated from this lawsuit." He stated, nonetheless, that he wanted additional time to serve Shaw, to be consistent with his desire to hold all defendants accountable and his objection to every recommendation or order of the court. His request should be denied.

Plaintiff's original complaints about Chief Shaw focused on Shaw's role in what Plaintiff alleged was an unlawful prosecution and conviction. Those claims are barred by Heck for the reasons discussed above. Furthermore, to the extent Plaintiff would attempt to hold Shaw liable for the actions of his officers, Section 1983 does not impose automatic liability on a supervisor for the actions of subordinates. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). The plaintiff must show independent liability of the supervisor. One way he may establish such liability is to demonstrate an official policy or custom of the sheriff was a moving force behind the violation of constitutional rights. Id.; Hines v. Henson, 293 Fed. Appx. 261 (5th Cir. 2008). Another way is to demonstrate that

the supervisor failed to supervise or train the officer who committed the underlying constitutional violation, there is a causal connection between the failure and the violation, and the failure amounted to deliberate indifference to the plaintiff's constitutional rights. City of Canton v. Harris, 109 S.Ct. 1197 (1989); Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).

Plaintiff has not articulated any specific facts that would suggest an official policy or custom by Shaw that was behind the alleged use of force, nor has he alleged any specific inadequacies in the training or supervision of the officers involved. Finally, it has been recommended that the claims against the officers be dismissed. There can be no supervisor liability under Section 1983 unless there is an underlying constitutional violation by an officer. City of Los Angeles v. Heller, 106 S.Ct. 1571 (1986); Smith v. Walden, 2000 WL 1056091 (5th Cir. 2000). For these reasons, Chief Shaw's Motion to Dismiss (Doc. 136) should be granted.

**Sheriff Steve Prator**

Plaintiff complains of a number of perceived wrongs committed against him while he was housed at the Caddo Correctional Center. His allegations include that he was attacked in his sleep by a fellow inmate, denied proper treatment for dental problems associated with his wisdom teeth, subjected to overcrowding, wrongfully placed in a psychiatric unit, and required to pay for a hygiene kit. He names as defendants, in connection with these claims, Sheriff Steve Prator, Captain Rick Farris, Deputy Alfred Dinkins, Laura Eaton, and Deputy

Sherry Lowe. All of those defendants filed an answer (Doc. 98), but only Sheriff Prator has filed a motion for summary judgment (Doc. 143).

Sheriff Prator submits affidavits from deputies who testify about bunk capacity, dental care, classification, and similar matters at the jail. Plaintiff responds (Doc. 155) by arguing about the underlying facts, but he offers no evidence that Prator himself was personally involved in the issues he complains about. As explained above with respect to Chief Shaw, Section 1983 does not impose automatic liability on a supervisor for the actions of subordinates. Plaintiff complains generally that Prator is liable based on "supervisory liability," but he has not presented competent evidence of Prator's personal involvement in these matters, an official policy or custom, or any specific inadequacies in the training or supervision of the officers involved that led to the alleged violations. For those reasons, Sheriff Prator is entitled to summary judgment.

The other defendants who work at the jail (Farris, Dinkins, Eaton and Lowe) did not join in Sheriff Prator's motion, but Plaintiff filed a motion for summary judgment (Doc. 116) that asked for judgment against them. Plaintiff offers his arguments primarily in memoranda, but he has also submitted a number of "affidavits" that appear to comply with Section 1746.

Because Plaintiff bears the burden of proving his claims at trial, he faces an extremely difficult burden to obtain summary judgment in his favor. To prevail, he must present evidence that would entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991);

Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). All facts and inferences are viewed in the light most favorable to the defendant, and all reasonable doubts are resolved in the defense's favor. Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990).

The court has reviewed Plaintiff's several affidavits. He generally complains about the issues raised above, but he does not offer the kind of specific facts that would satisfy his burden on each element of his several claims. The resolution of such constitutional claims in favor of the claimant requires a much more complete record than is available. Accordingly, even though these defendants did not file any formal opposition to Plaintiff's motion, he is not entitled to summary judgment even if Plaintiff had set forth a plausible basis for summary judgment on a particular claim. Furthermore, the court has discretion to deny a motion for summary judgment if it believes that a better course would be to proceed on and further test the merits. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2513 (1986); Kunin v. Feofanov, 69 F.3d 59, 62 (5th Cir. 1995). The undersigned believes that the best exercise of the court's discretion in these circumstances is to deny Plaintiff's motions and allow the claims to be resolved by other means.

**Discovery and Other Issues**

Plaintiff has included in several of his summary judgment submissions complaints about alleged inadequacies in the defendants' responses to his written discovery requests. The proper means of challenging a lack of or inadequate discovery responses is a motion to

compel under Fed. R. Civ. Pro. 37. The motion must include a copy of the discovery requests, a copy of the responses, and a memorandum that sets forth the argument of the movant as to why he is entitled to additional information. The court will not address the discovery complaints that are included within the summary judgment briefs.

This case should be rather straightforward, as it presents claims typical in prisoner litigation, but Plaintiff's repeated, lengthy, and intermingled submissions have caused it to become unduly complicated. In the future, Plaintiff should attempt to be clear and concise in the presentation of his arguments. At the same time, Defendants should ensure that they timely respond to Plaintiff's discovery requests or motions, or seek an appropriate extension of time, and serve Plaintiff with a copy by mail. Many pages of the record have been spent on Plaintiff complaining about the alleged lack of timely responses to his discovery and motions. Plaintiff has had more address changes during the course of this case than perhaps any litigant in the history of this court, but counsel for the defendants are asked to make a special effort to ensure that Plaintiff receives timely responses sent to his current address.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motions for Summary Judgment (Docs. 114 and 116)** be **denied**.

**IT IS FURTHER RECOMMENDED** that the **Motion for Summary Judgment** by Hai Phan **(Doc. 135)** be **granted** by dismissing the claim against Phan for excessive force and dismissing with prejudice all other claims against Phan to being asserted again until

Plaintiff satisfies the Heck conditions.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

**IT IS FURTHER RECOMMENDED** that the **Motion to Dismiss** by Willie Shaw **(Doc. 136)** be **granted** and that all claims against Willie Shaw be **dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that the **Motion for Summary Judgment** by Steve Prator **(Doc. 143)** be **granted** and that all claims against Sheriff Steve Prator be **dismissed with prejudice**.

Finally, **IT IS RECOMMENDED** that all claims against "Unknown SPD Officer," now known to be Corporal Scebern Willis, be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of April, 2016.

Mark L. Hornsby
U.S. Magistrate Judge