UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID LEE HILL                              CIVIL ACTION NO. 13-cv-0583

VERSUS                                      JUDGE HICKS

HAI PHAN, ET AL                             MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

David Lee Hill ("Plaintiff") is a self-represented inmate who filed this civil rights action against several defendants who are connected to his arrest, detention at the Caddo Correctional Center, and state court criminal proceedings. Plaintiff's claims include excessive force during arrest, conspiracy between the district attorney and defense attorneys, denial of adequate access to the courts, and illegal conviction. Several of his claims have been dismissed, but others remain.

Before the court is a Motion for Judgment on the Pleadings (Doc. 166) by defendant Philip Craft, who was employed as a sergeant at the jail while Plaintiff was housed there as a pretrial detainee. Craft's motion was noticed for briefing, but Plaintiff has not filed a timely response. For the reasons that follow, it is recommended that Craft's motion be granted, and that all claims against him be dismissed.

**Judgment on the Pleadings**

Sgt. Craft moves for judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12 (b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). The court must accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. Id. Those facts must state a claim that is plausible on its face. Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252, 254 (5th Cir. 2011).

**Access to the Courts**

Craft was added to this suit by an Amended Complaint. Doc. 21. The only mention of Craft in the main body of the amended complaint is his listing as a new defendant. Craft is mentioned in an appendix to the amended complaint. Plaintiff alleged in the appendix that Sgt. Craft contacted Plaintiff with regard to a request for transfer of funds form that Plaintiff had completed to pay the clerk of this court any filing fees connected to a filing. Plaintiff alleged that Craft "went to telling me something about me needing another form to go with my request because for CCC services to do this transaction, I have to pay a $10 fee."

Plaintiff alleged that he argued with Craft that he had never been charged such a fee, and he says he believed Craft tried to mislead him. Plaintiff alleged that he demanded to see a memorandum or policy on the issue. Craft could not locate one. Plaintiff alleged that he "just got my request form from his subordinate, and returned to my seat in front of the TV."

An inmate who alleges the denial of his right of access to the courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct.  Lewis v. Casey, 116 S.Ct. 2174 (1996).  This requires the inmate to allege that his ability to pursue a non-frivolous, arguable legal claim was hindered.  Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009).

Plaintiff has not alleged that the purported misinformation from Sgt. Craft actually resulted in Plaintiff being unable to make any necessary filing in this or any other case.  It appears that Plaintiff alleges he was able to get the paperwork he needed from another officer.  Plaintiff has certainly not identified any actual prejudice caused by the conversation, whether in this case or another.

A prisoner's inability to identify any issue that he would have brought in his suit if not for the event complained of is fatal to an access to the courts claim.  Brewster, 587 F.3d at 769.  It is also worth noting that any claim of denial of access to the courts is belied by Plaintiff's prolific filings in this court.  See Fountain v. Thaler, 629 Fed. Appx. 592, 595 (5th Cir. 2015).  The access to the courts claim should be dismissed.

**Conditions of Confinement**

Plaintiff's other allegation against Sgt. Craft has to do with Plaintiff's bunk assignment.  He  alleged that Craft had a subordinate inform Plaintiff that Plaintiff had been taken off of lower tier/bottom bunk status, and if he wanted to return to that status he would need to file a kite to see a physician.  Plaintiff stated in his complaint that there were no compelling circumstances, such as an extra amount of handicapped inmates or overcrowding,

that would warrant such a reassignment.  Plaintiff alleged that he has been diagnosed with a mental disorder known as psychosis and that a nurse who screened him during booking assigned him lower tier/lower bunk status as a seizure precaution.

If Plaintiff's claim is considered one regarding his medical care, he would have to prove that jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc) (applying Estelle to pretrial detainees).  Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92.  Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs.  Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

If Plaintiff's allegation is construed as an attack on his conditions of confinement, the claim is assessed under the Fourteenth Amendment's prohibition against the imposition of conditions of confinement on pretrial detainees that constitute punishment.  If a particular condition or restriction is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment.  Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996), citing Bell v. Wolfish, 99 S.Ct. 1861 (1979).

Effective management of a detention facility is a valid objective that may justify imposition of conditions and restrictions.  In determining whether those conditions and restrictions are reasonably related to the government's interest in operating the institution in a manageable fashion, courts must remember that such considerations are peculiarly within

the province and professional expertise of corrections officials.  Courts must not become enmeshed in the minutiae of prison operations.  <u>Estate of Henson v. Ouachita County</u>, 795 F.3d 456, 467-68 (5th Cir. 2015), citing <u>Bell v. Wolfish</u>.

There is no allegation that Plaintiff had a medical requirement for a lower bunk; he merely alleges that an intake nurse made that initial assignment.  Plaintiff does not allege that he suffered any harm whatsoever because of his reassignment.  It appears that he merely disagrees with Craft's decision and asks the court to second guess Craft's bunk and tier assignment.  This is precisely the kind of minutiae about day-to-day jail operations that the federal court should avoid absent a clear constitutional violation.  Plaintiff's allegations about his bunk and tier assignment do not rise to the level of a constitutional violation.

Accordingly,

**IT IS RECOMMENDED** that Sgt. Philip Craft's **Motion for Judgment on the Pleadings (Doc. 166)** be **granted** and that all claims against Sgt. Philip Craft be **dismissed** for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2016.


Mark L. Hornsby
U.S. Magistrate Judge