UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID LEE HILL                               CIVIL ACTION NO. 13-cv-0583

VERSUS                                       JUDGE HICKS

HAI PHAN, ET AL                              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

David Lee Hill ("Plaintiff") was arrested for stealing items from the Shreveport police car care center. He pleaded guilty to two felony charges. Plaintiff, who is self-represented, filed this civil action against virtually every law enforcement officer, prosecutor, defense attorney, judge, or jailer who had the misfortune to be associated with Plaintiff's criminal case and incarceration.

After initial review, the court dismissed claims against the Petitioner's attorneys, the prosecutors, and the judge. The court also dismissed Plaintiff's challenges to his convictions based on lack of exhaustion of state court remedies and preclusion under Heck v. Humphrey, 114 S.Ct. 2364 (1994). Docs. 65 and 69. The court allowed Plaintiff to submit service papers with respect to his remaining claims. Doc. 66.

The court granted summary judgment for several of the defendants on those remaining claims. Doc. 161 and 165; 169 and 170. Sheriff Steve Prator was among the defendants who was granted summary judgment, but his four deputies who are named defendants did not join

in his motion. Those four deputies, the final defendants in this suit, have now filed their own Motion for Judgment on the Pleadings or for Summary Judgment (Doc. 171). The notice of motion setting mailed to Plaintiff at his last known address was returned as undeliverable, and no opposition or updated address has been filed despite the passing of more than 30 days. For the reasons that follow, it is recommended that the motion be granted and final judgment be entered in this case.

**Background Facts**

A Shreveport police officer was near the Shreveport police car care center at about 3:00 a.m. one morning when he saw a man inside. The man carried several car radiators to the fence and threw them over the fence into an alley. The officer called for additional units, and he ordered the man to get on the ground. That man, Plaintiff, was arrested. He told police that a supervisor named J. J. gave him permission to take the items, which Plaintiff planned to sell at a scrap yard. The officers, however, knew that J. J. had been retired for more than two years. The police found eight radiators and four condensers in the alley.

Plaintiff, as he was escorted to the police car, verbally and physically resisted and tried to pull away from an officer. He fell and suffered a minor scratch that the fire department treated at the scene. That incident was addressed in a prior report regarding the excessive force claims. Officer Phan, who drove Plaintiff to jail, testified in an affidavit that, during the drive, Plaintiff threatened to kill Phan with a gun and said that he (Plaintiff) needed to be on the 10th floor (psychiatric ward) of the LSU hospital. Plaintiff eventually

pleaded guilty to unauthorized entry of a place of business and felony theft, and he was sentenced to six years and seven years, to run concurrently.

**Allegations Against Deputies at the Jail**

Plaintiff complains of a number of perceived wrongs committed against him while he was housed at the Caddo Correctional Center. His allegations include that he was subjected to overcrowding, denied proper treatment for dental problems associated with his wisdom teeth, required to pay for a hygiene kit, and required to pay fees associated with legal filings. He named as defendants, in connection with those claims, Captain Rick Farris, Deputy Alfred Dinkins, Laura Eaton, and Deputy Sherry Lowe.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

**Summary Judgment Evidence**

Sgt. Robert Montoya provided facts about the housing conditions in a declaration made pursuant to 28 U.S.C. § 1746. He stated that the fire marshal and Department of Health and Hospitals have approved the jail to house 1,500 inmates using both ordinary beds and

stack-a-bunk beds. Inmates are housed within the units in the least restrictive unit compatible with their assigned risk and needs. Montoya stated that Plaintiff was placed in the unit that classification personnel believed best suited his history and circumstances. Montoya also provided information about the hygiene kit provided during booking. It includes soap, two shampoo packets, and other items. Inmates may order hygiene kits weekly merely by signing an indigent order form, and the kit contains adequate supplies for weekly needs.

Nurse Sheila Wright provided information about dental care in a declaration made pursuant to Section 1746. Wright, the health services director for the sheriff, stated that records show Plaintiff did report to sick call and request dental treatment. He was not experiencing an emergency dental problem. It was explained to Plaintiff that, at that time, there was not a dentist seeing inmates at the jail, and any continuing dental problems would be addressed at sick call. Wright stated that there are no records of Plaintiff making additional requests for dental treatment at sick call. A dentist did see inmates at the jail in May and June 2013, just a few months after Plaintiff's complaint. Plaintiff never requested to see the dentist then or when another dentist saw inmates at the jail on occasions in later months.

**Merits Analysis**

**A. Access to Courts**

Plaintiff alleged in an appendix to an amended complaint that Sg. Craft told him he would have to pay a $10 fee in connection with a request to transfer funds to pay the clerk of court a filing fee. This claim was directed at Sgt. Craft and addressed in an earlier Report

and Recommendation that resulted in the dismissal of all claims against Craft. Doc. 169. The claim was rejected, largely because Plaintiff had not alleged that any purported fee requirement was actually imposed or that it resulted in Plaintiff being unable to make any necessary filing in this or any other case. The absence of any actual legal prejudice stemming from the incident was fatal to the claim. Lewis v. Casey, 116 S.Ct. 2174 (1996). Defendants are entitled to summary judgment on this claim.

### B. Bunk Assignment; Overcrowding

Plaintiff's complaint about his housing conditions was also addressed in the recommendation regarding the claims against Sgt. Craft. Plaintiff complained that he had been taken off of lower tier/bottom bunk status without any compelling circumstances to warrant such a reassignment. Plaintiff alleged that his mental disorder/psychosis merited the lower tier/lower bunk status as a seizure precaution.

Plaintiff's attack on his bunk assignment is assessed under the Fourteenth Amendment's prohibition against the imposition of conditions of confinement on pretrial detainees that constitute punishment. If a particular condition or restriction is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996), citing Bell v. Wolfish, 99 S.Ct. 1861 (1979).

Effective management of a detention facility is a valid objective that may justify imposition of conditions and restrictions. In determining whether those conditions and restrictions are reasonably related to the government's interest in operating the institution in

a manageable fashion, courts must remember that such considerations are peculiarly within the province and professional expertise of corrections officials. Courts must not become enmeshed in the minutiae of prison operations. Estate of Henson v. Ouachita County, 795 F.3d 456, 467-68 (5th Cir. 2015), citing Bell v. Wolfish.

There is no allegation that Plaintiff had a medical requirement for a lower bunk; he merely alleges that an intake nurse made that initial assignment, and he wanted to keep it. Plaintiff does not allege that he suffered any harm whatsoever because of his reassignment. It appears that he merely disagrees with the decision and asks the court to second guess the bunk and tier assignment. This is precisely the kind of minutiae about day-to-day jail operations that the federal court should avoid absent a clear constitutional violation. Plaintiff's allegations about his bunk and tier assignment do not rise to the level of a constitutional violation. Also, there is no evidence that the jail was so crowded as to rise to the level of a potential Eighth Amendment violation. Defendants are entitled to summary judgment on all of these claims.

**C. Dental Care**

Plaintiff's complaint about the lack of desired dental care also fails. To prevail on such a claim, he would have to prove that jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc) (applying Estelle to pretrial detainees). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92.

The uncontested summary judgment evidence is that Plaintiff made one request for dental care, and it was offered to him. He did not make a case for emergency dental care outside the jail, and he did not repeat his request when dentists did later treat inmates at the jail. There is simply not sufficient evidence to create a genuine dispute that any of the four deputies/movants were deliberately indifferent to a serious medical need. Defendants are entitled to summary judgment on this claim.

**D. Hygiene Kit**

Plaintiff also offers no competent evidence in response to the motion to show that he was required to pay for a hygiene kit or otherwise deprived of the " basic elements of hygiene" as required to state an Eighth Amendment conditions of confinement claim. Ruiz v. LeBlanc, 643 Fed. Appx. 358, 361-62 (5th Cir. 2016) (no violation when inmate was initially provided, and could have purchased, additional toothpaste); Daigre v. Maggio, 719 F.2d 1310, 1312 (5th Cir. 1983) (denial of soap and towels in isolation cell not a violation when running water was provided in generally sanitary conditions). Any claim related to the hygiene kit should be dismissed as to all defendants.

**Returned Mail; Alternative Grounds for Dismissal**

Plaintiff's original complaint was filed on a form provided by the court. The last section of the form, which was signed and dated by Plaintiff, stated: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." When the court ordered that Plaintiff's complaint be served the order ended with the statement: "All parties shall have the

responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." Doc. 66. Plaintiff, before and after that order issued, filed numerous notices of change of address. The court stated in a prior recommendation that Plaintiff has had more address changes during the course of one case than perhaps any litigant in the history of this court. Those several notices in the record are evidence that Plaintiff knows how to give such notice when he cares to do so.

Plaintiff last provided an address on Pierre Avenue, which indicates he is no longer in custody. The court has sent a number of items of mail to the address without issue. However, when the Clerk of Court issued a notice of motion setting regarding the motion at issue, the postal service returned the item marked: "RETURN TO SENDER; ATTEMPTED - NOT KNOWN; UNABLE TO FORWARD." Doc. 173.

Plaintiff was warned in his complaint form and in a prior order that he must keep the court informed of his current address. Those warnings were consistent with Local Rule 11.1 that provides each attorney and pro se litigant has a continuing obligation to apprise the court of any address change. Local Rule 41.3 authorizes dismissal when notices mailed by the court are returned for reason of an incorrect address and no correction is made within 30 days. More than 30 days have now passed since the mail was returned, and nothing has been filed by Plaintiff in the interim. That failure warrants dismissal of all remaining claims for failure to prosecute, in the alternative to the recommended grant of summary judgment on the merits.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Judgment on the Pleadings or for Summary Judgment (Doc. 171)** be **granted** and that all claims against all remaining defendants be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of November, 2016.

Mark L. Hornsby
U.S. Magistrate Judge